# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00325-CR

### In re Anthony Roberson

### FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-95-953274, KAREN SAGE, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Anthony Roberson, an inmate appearing pro se, has filed notice of appeal in this Court, seeking review of the trial court's order under Chapter 64 of the Texas Code of Criminal Procedure. The reporter's record in this appeal was due on May 13, 2024. On May 22, 2024, we notified appellant by letter that the reporter's record was overdue and that, according to the reporter, appellant had not requested preparation of the reporter's record and had not paid or made arrangements to pay for the reporter's record. In response to our notice, appellant states that he has not made payment arrangements for the reporter's record because he lacks sufficient resources to pay for it. In addition, appellant has filed a declaration of inability to pay costs and a motion for a free record.

The appeal is abated and remanded to the trial court. The trial court shall conduct a hearing to determine whether appellant is presently indigent. *See* Tex. R. App. P. 20.2. If it finds that the appellant cannot pay or give security for the appellate record, it shall order the

preparation of the reporter's record at no cost to appellant. *See id.* In addition, the trial court shall consider appellant's pending request, if any, for the appointment of appellate counsel.[1] *See* Tex. Code Crim. Proc. art. 64.01(c) (providing for limited statutory right to counsel in Chapter 64 proceedings); *see also In re King*, No. 03-17-00484-CR, 2018 Tex. App. LEXIS 982, at *2 (Tex. App.—Austin Feb. 1, 2018, order) (explaining that right to counsel under Chapter 64 "does not differentiate between trial and appellate stages"); *cf. id.* (refusing to abate for appointment of appellate counsel under Chapter 64 because trial court had previously denied request for appointment of counsel and appellant offered no reason why trial court might reconsider its ruling). Following the hearing, which shall be transcribed, the trial court shall order the appropriate supplemental clerk's and reporter's records—including all findings and orders—to be prepared and forwarded to this Court no later than July 30, 2024.

It is so ordered June 27, 2024.


Before Chief Justice Byrne, Justices Triana and Kelly

Abated and Remanded

Filed: June 27, 2024

Do Not Publish

---

[1] According to the appellant, after filing his notice of appeal, he filed a motion for appointment of counsel in the trial court by sending it to the district clerk by certified mail. To date, the clerk's record does not include a motion for appointment of counsel.